**E-FILED**
Wednesday, 31 August, 2016 10:41:05 AM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | | |
|---|---|---|
| DAVID BOYKIN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 16-1273 |
| | ) | |
| AMY MOOREHOUSE, | ) | |
| | ) | |
| Defendant. | ) | |

## **MERIT REVIEW OPINION**

SUE E. MYERSCOUGH, U.S. District Judge:

Plaintiff, proceeding pro se and presently incarcerated at Pontiac Correctional Center, brings the present lawsuit pursuant to 42 U.S.C. § 1983 alleging deliberate indifference to a serious medical need.  The matter comes before this Court for merit review under 28 U.S.C. §1915A.  In reviewing the complaint, the Court takes all factual allegations as true, liberally construing them in Plaintiff's favor.  Turley v. Rednour, 729 F.3d 645, 649 (7th Cir. 2013).  However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face."  Alexander v. U.S., 721 F.3d 418, 422 (7th Cir. 2013) (internal citation omitted).

## ALLEGATIONS

Plaintiff is currently incarcerated at Pontiac Correctional Center ("Pontiac").  Defendant is a medical technician at Pontiac. Plaintiff alleges that he suffers from an unspecified medical condition that causes excruciating pain in his kidneys, back, and head.  Plaintiff also alleges that blood has been present in his urine for the past two (2) years, and the pain prevents him from sitting up.

Plaintiff alleges that, in July 2015, Defendant refused to accept Plaintiff's requests for medical treatment and money vouchers.  Plaintiff alleges that Defendant stated that she does not care about Plaintiff's medical conditions and that the pain pills were the only medical treatment she would offer him.

## ANALYSIS

Inmates are entitled to adequate medical care under the Eighth Amendment.  Estelle v. Gamble, 429 U.S. 97, 104-05 (1976). To prevail, a plaintiff must show that the prison official acted with deliberate indifference to a serious medical need.  Id. at 105. Claims of negligence, medical malpractice, or disagreement with a prescribed course of treatment are not sufficient.  McDonald v.

Hardy, 821 F.3d 882, 888 (7th Cir. 2016) (citing Pyles v. Fahim, 771

F.3d 403, 408 (7th Cir. 2014), and Duckworth v. Ahmad, 532 F.3d

675, 679 (7th Cir. 2008)).  Rather, liability attaches when "the

official knows of and disregards an excessive risk to inmate health

or safety; the official must both be aware of facts from which the

inference could be drawn that a substantial risk of serious harm

exists, and he must also draw the inference."  Farmer v. Brennan,

511 U.S. 825, 837 (1994).

Plaintiff allegations of excruciating pain and blood in his urine

are sufficient to allege that he suffers from an objectively serious

medical need.  See King v. Kramer, 680 F.3d 1013, 1018 (7th Cir.

2012) ("An objectively serious medical need is one that has been

diagnosed by a physician as mandating treatment or one that is so

obvious that even a lay person would easily recognize the necessity

for a doctor's attention." (internal quotations omitted)).

Liberally construed, Plaintiff's allegations suggest that

although Defendant has knowledge of Plaintiff's medical condition,

Defendant is refusing to provide, or restricting access to, medical

care.  Plaintiff's allegations leave open the possibility that Plaintiff is

receiving alternative treatment for his medical conditions.  If

Plaintiff is receiving alternative treatment, and his requests stem from a disagreement with the course of treatment provided, or a demand for specific medical treatment, then Plaintiff's claims may ultimately fail.  See Snipes v. DeTella, 95 F.3d 586, 592 (7th Cir. 1996) (The Constitution does not require specific medical treatment and mere disagreements with the course of treatment are not sufficient to impose constitutional liability).  However, at this point, the Court cannot rule out a constitutional claim.

## Plaintiff's Motion to Request Counsel

Plaintiff filed a Motion to Request Counsel.  (Doc. 5).  Plaintiff has no constitutional or statutory right to counsel in this case. In considering the Plaintiff's motion, the court asks: (1) has the indigent Plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself? Pruitt v. Mote, 503 F.3d 647, 654-55 (7th Cir. 2007) (citing Farmer v. Haas, 990 F.2d 319, 322 (7th Cir. 1993)).

Plaintiff alleges he sent a letter to the DePaul Legal Clinic and has not yet heard back.  Plaintiff did not attach a copy of the letter he sent and did not provide details regarding when he sent it.

Therefore, the Court finds that Plaintiff has not shown he made a reasonable attempt to secure counsel on his own.  If Plaintiff intends to renew his motion, he should write to multiple attorneys, attach copies of the letters sent, and attach copies of any responses received.  Because Plaintiff has not satisfied the first prong, the Court does not address the second.  Plaintiff's motion is denied with leave to renew.

**IT IS THEREFORE ORDERED:**

1) **Plaintiff's Motion to Request Counsel [5] is DENIED with leave to renew.**

2) **Pursuant to its merit review of the complaint under 28 U.S.C. § 1915A, the Court finds the Plaintiff states an Eighth Amendment claim for deliberate indifference to a serious medical need against Defendant Moorehouse.  Any additional claims shall not be included in the case, except at the Court's discretion on motion by a party for good cause shown or pursuant to Federal Rule of Civil Procedure 15.**

3) **This case is now in the process of service.  Plaintiff is advised to wait until counsel has appeared for Defendants before filing any motions, in order to give Defendants notice and an opportunity to respond to those motions. Motions filed before Defendants' counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at this time, unless otherwise directed by the Court.**

4) **The Court will attempt service on Defendants by mailing each Defendant a waiver of service.  Defendants have 60 days from service to file an Answer.  If Defendants have not filed Answers or appeared through counsel within 90 days of the entry of this order, Plaintiff may file a motion requesting the status of service.  After Defendants have been served, the Court will enter an order setting discovery and dispositive motion deadlines.**

5) **With respect to a Defendant who no longer works at the address provided by Plaintiff, the entity for whom that Defendant worked while at that address shall provide to the Clerk said Defendant's current work address, or, if not known, said Defendant's forwarding address. This information shall be used only for effectuating service. Documentation of forwarding addresses shall be retained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.**

6) **Defendants shall file an answer within 60 days of the date the waiver is sent by the Clerk.  A motion to dismiss is not an answer.  The answer should include all defenses appropriate under the Federal Rules.  The answer and subsequent pleadings shall be to the issues and claims stated in this Order.  In general, an answer sets forth Defendants' positions.  The Court does not rule on the merits of those positions unless and until a motion is filed by Defendants.  Therefore, no response to the answer is necessary or will be considered.**

7) **Once counsel has appeared for a Defendant, Plaintiff need not send copies of his filings to that Defendant or to that Defendant's counsel.  Instead, the Clerk will file Plaintiff's document electronically and send a notice of electronic filing to defense counsel.  The notice of electronic filing shall constitute service on Defendants pursuant to Local Rule 5.3.  If electronic service on Defendants is not available, Plaintiff will be notified and instructed accordingly.**

8) Counsel for Defendants is hereby granted leave to depose Plaintiff at his place of confinement. Counsel for Defendants shall arrange the time for the deposition.

9) Plaintiff shall immediately notify the Court, in writing, of any change in his mailing address and telephone number. Plaintiff's failure to notify the Court of a change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.

10)     Within 10 days of receiving from Defendants' counsel an authorization to release medical records, Plaintiff is directed to sign and return the authorization to Defendants' Counsel.

**IT IS FURTHER ORDERED THAT THE CLERK IS DIRECTED TO:**

1) Attempt service on Defendants pursuant to the standard procedures;

2) Set an internal court deadline 60 days from the entry of this order for the court to check on the status of service and enter scheduling deadlines; and,

3) Enter the Court's standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.

**Lastly, it is ordered that if a Defendant fails to sign and return a waiver of service for the clerk within 30 days after the waiver is sent, the court will take appropriate steps to effect formal service through the U.S. Marshal's Service on that Defendant and will require that Defendant to pay the full costs of formal service pursuant to Federal Rule of Civil Procedure 4(d)(2).**

ENTERED:        August 30, 2016.

FOR THE COURT:


_s/ Sue E. Myerscough_
SUE E. MYERSCOUGH
UNITED STATES DISTRICT JUDGE